UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-423-FDW
(3:94-cr-109-FDW-2)

| COREY THOMAS, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Motion will be denied and dismissed.

I.  BACKGROUND

On July 8, 1994, Petitioner was named along with others in a multi-count Indictment. (3:94-cr-109, Doc. No. 8). On or about July 22, 1994, Petitioner was appointed counsel and later entered into a Plea Agreement with the Government wherein he agreed to plead guilty to one count of conspiracy with intent to distribute, and distribution of a quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. No. 109: Plea Agreement; Doc. No. 135: Presentence Investigation Report ("PSR"), at 1).

The PSR provided sufficient evidence to show that Petitioner had been convicted of the following state offenses in North Carolina which are relevant to his Section 2255 motion: Aggravated Assault in Moore County, NC, and Common Law Robbery in Anson County, NC. On the first conviction, Petitioner was sentenced to two (2) years imprisonment which was

1

suspended. On the second conviction, Petitioner was sentenced to six (6) years imprisonment. (PSR at 9 ¶ 39, 11 ¶ 43).

On September 14, 1995, Petitioner appeared before the Court for his sentencing hearing. On the motion of the Government, the Court dismissed all of the counts against Petitioner except for Count One, and on that count Petitioner was sentenced to 360-months imprisonment. (Doc. No. 137: Judgment in a Criminal Case). Petitioner filed a notice of appeal which was later dismissed on the motion of the Government. (Doc. No. 150: Judgment of USCA).

On July 13, 2012, Petitioner filed the present Section 2255 motion challenging his sentence. (3:12-cv-423, Doc. No. 1). Petitioner contends that the Supreme Court's decision in Carachuri v. United States, 130 S. Ct. 2577 (2010), and the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (2011), entitle him to relief. Specifically, Petitioner argues that while his designation at the time of his sentencing as a career offender was correct, the intervening case law has changed that designation such that he no longer qualifies as a career offender.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Petitioner has not requested an evidentiary hearing, and after having considered the underlying record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's reliance on the on the Carachuri and Simmons decisions is misplaced as the

convictions which served to support his career offender designation each carried a sentence of more than one year. Accordingly, Petitioner is not entitled to the relief he seeks.

In Carachuri, the Supreme Court considered the question of whether the defendant at issue had been convicted of a crime which was punishable as a federal felony under the Controlled Substances Act ("CSA"). In deciding this question, the Court had to determine whether the "federal felony" carried a maximum sentence which exceeded one year. Carachuri, 130 S. Ct. at 2581-83. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the CSA, the individual defendant must have been convicted of an offense for which they could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243.

In his Section 2255 motion, Petitioner concedes he was properly sentenced as a career offender at the time he was sentenced, but he contends the predicate convictions no longer serve as proper convictions for the purpose of the his continued designation as a career offender. (3:12-cv-423, Doc. No. 1 at 1). Petitioner argues that the decisions in Carachuri and Simmons held that "Federal sentencing judges should focus on the actual prior [convictions] rather than 'hypothetical' enhancements." (Id.). Petitioner even notes the predicate convictions in his Section 2255 motion. (Id. at 4).

Turning now to Petitioner's predicate convictions, the Court finds that Petitioner has failed to carry his burden of demonstrating that the intervening law he cites affords him any relief. In order to qualify as a Career Offender, the Court must find that the defendant is at least 18-years of age at the time he committed the offense for which he is being sentenced, and that the defendant has at least two prior felony convictions which are either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1. A felony conviction is defined under the

3

Guidelines as "any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed." U.S.S.G. § 4A1.2(o).

Petitioner's predicate felony convictions, as previously discussed, are for one count of aggravated assault, for which he was sentenced to two (2) years imprisonment, and one count of common law robbery, for which he was sentenced to six (6) years imprisonment. Because Petitioner was sentenced to terms of imprisonment exceeding one year for each of these crimes, he was, and is, properly designated as a Career Offender.[1] Petitioner's arguments are without merit and will be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate his Sentence, (Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[1] There is no question that under the Guidelines these two convictions each qualify as a "crime of violence" as that term is defined in U.S.S.G. § 4B1.2(a)(1).

Signed: August 6, 2012

Frank D. Whitney
United States District Judge

5